MATTHEW J. HAFEY (SBN: 167122)
mhafey@nicolaidesllp.com
PATRICIA A. DAZA-LUU (SBN: 261564)
pdazaluu@nicolaidesllp.com
KARINA J. SILVA (SBN: 346188)
ksilva@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
777 S. Figueroa Street, Suite 750
Los Angeles, CA 90017

Telephone: (213) 402-1245
Facsimile:  (213) 402-1246

Attorneys for Plaintiff,
OHIO SECURITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>GREEN LEAF RENT A CAR & LEASING, INC., a California corporation; LOIS JEAN MARTYNS, an individual; WILLIAM D. ROBERTS, JR., an individual; IRENE ROBERTS, an individual,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

# COMPLAINT FOR DECLARATORY JUDGMENT

Ohio Security Insurance Company ("Ohio Security") alleges for its Complaint for Declaratory Judgment against Greenleaf Rental Car & Leasing ("Greenleaf Rental") aka Green Leaf Rent a Car & Leasing, Inc. ("Green Leaf Rent a Car") aka Greenleaf Rent a Car & Leasing, Inc. ("Greenleaf Rent a Car") (collectively, "Green Leaf"), Lois Martyns ("Martyns"), William D. Roberts, Jr. ("W. Roberts"), and Irene Roberts ("I. Roberts") as follows:

## NATURE OF THE ACTION

1.   Ohio Security seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it owes no duty to defend or indemnify Greenleaf Rental, Green Leaf Rent a Car, or Greenleaf Rent a Car for a lawsuit filed by William Roberts styled *William Roberts v. Lois Jean Martyns; Greenleaf Rent a Car & Leasing, Inc.*, Superior Court of California, County of San Diego, Case No. 37-2022-00012563-CU-PA-NC (the "Roberts Lawsuit"). In pertinent part, the Roberts Lawsuit alleges that Greenleaf Rent a Car, whose employee was operating a sedan owned by Greenleaf Rent a Car, provided W. Roberts and I. Roberts with a ride from a car dealership to its rental car location in Carlsbad, California. W. Roberts was in the process of opening the passenger door and exiting from the sedan when another vehicle operated by Martyns suddenly backed into the partially opened door, which then closed on W. Roberts' body, allegedly causing injury. The subject Ohio Security Policy is a Commercial General Liability policy, not an automobile liability policy, and contains a standard exclusion for "bodily injury" arising out of the maintenance, use or operation of an automobile which applies to these kinds of claims. Ohio Security thus seeks a declaration that no coverage is available under its policy with respect to the Roberts Lawsuit. / / /

# THE PARTIES

2. Ohio Security is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.

3. Ohio Security issued the Ohio Security Policy to "Greenleaf Rental Car & Leasing," which is also known as Green Leaf Rent a Car & Leasing, Inc., and also known as Greenleaf Rent a Car & Leasing, Inc. and is referred to throughout this Complaint as "Green Leaf." Green Leaf is a California corporation with its principal place of business 9922 Sunrise Lane, Santa Ana, California 92705.

4. Lois Jean Martyns ("Martyns") is an individual who is a citizen of the State of California. Martyns has established or maintained a fixed residence, habitation or abode in Carlsbad, California, where she has resided since 1997 and intends to remain there permanently or indefinitely. Among other things, Martyns owns the house where she resides in Carlsbad, California, holds a drivers license issued by the State of California issued at that address, and was and is an active member of the Carlsbad, California community. At the time of the incident which is the subject of the underlying *Roberts* Action, Martyns had rented a vehicle owned by Green Leaf while her own vehicle was being repaired in a local automobile repair facility, and was in the process of driving that rental vehicle to her home in Carlsbad when the incident occurred.

5. William D. Roberts, Jr. ("W. Roberts") is an individual who is a citizen of the State of California. W. Roberts has established or maintained a fixed residence, habitation or abode in Escondido, California, where he has resided for at least nine years and intends to remain there permanently or indefinitely. Among other things, W. Roberts owns the house where he resides in Escondido, California with his spouse, Irene Roberts, holds a drivers license issued by the State of California issued at that address, was

self-employed for 50 years as a real estate broker, Brooks & Dunphy Real Estate / Brooks & Dunphy Financial located in San Diego, California, and is an active member of the Escondido, California community.

6. Irene Roberts ("I. Roberts") is an individual who is a citizen of the State of California. I. Roberts is the spouse of W. Roberts and may make a claim for loss of consortium against Green Leaf and Martyns. I. Roberts has established or maintained a fixed residence, habitation or abode in Escondido, California, where she has resided for at least nine years and intends to remain there permanently or indefinitely. Among other things, I. Roberts owns the house where she resides in Escondido, California with W. Roberts, holds a drivers license issued by the State of California issued at that address, and is an active member of the Escondido, California community.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2201(a) because Ohio Security seeks a declaration of its obligations to Green Leaf Rent a Car under a liability insurance policy.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because the Ohio Security Policy was issued to Green Leaf at its principal place of business in 9922 Sunrise Lane, Santa Ana, California 92705, which is the place where Green Leaf resides for purposes of venue. All defendants (Green Leaf, Martyns and W. Roberts and I. Roberts) reside in the State of California.

/ / /

## THE OHIO SECURITY POLICY

10. Ohio Security issued Commercial General Liability policy no. BKS (20) 56 49 47 99 for the policy period April 30, 2019 to April 30, 2020 to named insured Greenleaf Rental Car & Leasing (the "Ohio Security Policy"), attached here as Exhibit 1 (with premium and rating information redacted) and incorporated by this reference.

11. The insuring agreement of the Ohio Security Policy's Commercial General Liability Coverage Form, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability states, in part:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. * * *

12. The Ohio Security Policy includes an exclusion for "Aircraft, Auto, or Watercraft" (hereinafter, the "Auto Exclusion") applicable to Coverage A – Bodily Injury and Property Damage Liability, which states in pertinent part:

/ / /

/ / /

/ / /

2. **Exclusions**

This insurance does not apply to:

…

g. **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

**(a)** Less than 26 feet long; and

**(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is

      not owned by or rented or loaned to you or the insured;

  **(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

  **(5)** "Bodily injury" or "property damage" arising out of:

    **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

    **(b)** The operation of any of the machinery or equipment listed in Paragraph **f.(2) or f.(3)** of the definition of "mobile equipment".

…

13. The Ohio Security Policy contains the following definitions under Section V – Definitions:

**1.** "Auto" means:

 **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

 **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

…

3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

## THE ROBERTS LAWSUIT

14. On April 1, 2022, W. Roberts filed the Roberts Lawsuit against Martyns and Greenleaf Rent a Car (the "Complaint"),[1] attached here as Exhibit 2 and incorporated herein by this reference.

15. The Complaint alleges that Green Leaf is a rental car company that is "focused on low emission, electric and hybrid rentals." (Ex. 2 at ¶¶ 7-8).

16. The Complaint alleges that on November 11, 2019, W. Roberts and his wife, I. Roberts (collectively the "Roberts") wife were picked up by a Green Leaf employee operating a sedan owned and operated by Green Leaf at a nearby car dealership and driven to Green Leaf's location on Avenida Encinitas in Carlsbad, California to retrieve a rental car. (Ex. 2 at ¶ 10.)

---

[1] Again, there is some confusion as to names, in that the actual Named Insured on the Ohio Security Policy is "Greenleaf Rental Car & Leasing," which Ohio Security accepts is a typographical error. Accordingly, this Complaint seeks a declaratory judgment binding Green Leaf as well as any other business organization who is alleged to be responsible for Mr. Roberts' injury.

17. The Complaint alleges that upon arrival at the Avenida Encinitas location, the Green Leaf employee stopped the vehicle in the middle of the parking lot, in immediate proximity to a row of parked cars, informed W. Roberts and I. Roberts that they had arrived at the location, and told W. Roberts to leave the vehicle. (Ex. 2 at ¶ 11.)

18. As W. Roberts began to exit the Green Leaf sedan from the front passenger seat, he opened the door and stepped onto the pavement. In the meanwhile, Martyns placed her car in reverse and backed out of her parking spot. (Ex. 2 at ¶¶ 7-8.) Martyns' car collided with the open door of the Green Leaf sedan, which closed on W. Roberts' body and allegedly caused him injury. (Ex. 2 at ¶ 21.) W. Roberts' allegations are confirmed in his deposition and the deposition of I. Roberts, excerpts of which are attached as Exhibits "A" and "B" to Green Leaf's Motion to Contest Application for Determination of Good Faith Settlement, which is attached and incorporated by this reference as Exhibit 3.

19. As a result of this collision, W. Roberts alleges that he suffered serious injuries throughout his body, including to his head, back, neck, chest, right leg, right knee, right foot, and was transported to the emergency room. (Ex. 2 at ¶ 23.) The Complaint further alleges that W. Roberts has suffered, and continues to suffer severe physical pain and suffering and emotional distress, as well as other general and special damages, from these injuries to this day. (Ex. 2 at ¶ 24.)

20. W. Roberts alleges severe injuries in excess of $75,000 as a result of the incident, which Green Leaf acknowledges in its Motion to Contest Application for Determination of Good Faith Settlement.

### **TENDER TO OHIO SECURITY**

21. On January 27, 2023 Green Leaf tendered the Roberts Lawsuit to Ohio Security for a defense under the Ohio Security Policy. Ohio Security

conducted an investigation and agreed to accept Green Leaf's defense subject to a written reservation of rights. Ohio Security is continuing to provide that defense, reserving, among other things, the right to seek a declaration from this Court that the Ohio Security Policy does not provide coverage for the Roberts Lawsuit, that Ohio Security has no duty to defend Green Leaf or to indemnify Green Leaf for the Roberts Lawsuit, and to seek recoupment of attorney's fees and costs expended in Green Leaf's behalf.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT AS TO THE DUTY TO DEFEND
## (AS TO GREEN LEAF)

22. Ohio Security repeats and reincorporates here the allegations in paragraphs 1 through 21 above.

23. The Auto Exclusion in the Ohio Security Policy precludes coverage for "bodily injury" or "property damage" "arising out of the ownership, maintenance use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'"

24. The Auto Exclusion in the Ohio Security Policy applies to preclude coverage according to the facts as alleged in the Complaint in the Roberts Lawsuit and as later adduced in discovery prior to the tender by Green Leaf to Ohio Security.

25. A true and correct controversy exists between Ohio Security, on the one hand, and Defendants on the other, in that Ohio Security contends that the Auto Exclusion applies to preclude coverage under the Ohio Security Policy for the Roberts Lawsuit, and therefore Ohio Security has no duty to defend Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. with regard to the

Roberts Lawsuit. Ohio Security is informed and believes that Defendants contend otherwise.

26. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Ohio Security Policy.

27. Ohio Security therefore seeks a judicial determination that Ohio Security has no obligation to defend Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. in connection with the Roberts Lawsuit.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT AS TO THE DUTY TO INDEMNIFY
## (AS TO ALL DEFENDANTS)

28. Ohio Security repeats and reincorporates here the allegations in paragraphs 1 through 27 above.

29. The Auto Exclusion in the Ohio Security Policy applies to preclude coverage according to the facts as alleged in the Complaint in the Roberts Lawsuit and as later adduced in discovery prior to the tender by Green Leaf to Ohio Security.

30. Upon the Court's determination that Ohio Security has and never had a duty to defend Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. with regard to the Roberts Lawsuit, it may also issue a declaratory judgment that Ohio Security has and never had a duty to indemnify Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. with regard to the Roberts Lawsuit.

31. As to defendants Martyns, W. Roberts and I. Roberts, if Ohio Security has no duty to indemnify Green Leaf with regard to the Roberts Lawsuit, this Court may also issue a declaratory judgment binding Martyns,

W. Roberts and I. Roberts to the judgment to foreclose the possibility of a lawsuit by Martyns, W. Roberts and I. Roberts as putative judgment creditors under Insurance Code § 11580(b) in the event Martyns, W. Roberts or I. Roberts obtain a judgment against Green Leaf arising out of the November 11, 2019 incident.

32. A true and correct controversy exists between Ohio Security, on the one hand, and Defendants on the other, in that Ohio Security contends that the Auto Exclusion applies to preclude coverage under the Ohio Security Policy for the Roberts Lawsuit, and therefore Ohio Security has no duty to indemnify Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. with regard to the Roberts Lawsuit. Ohio Security is informed and believes that Defendants contend otherwise.

33. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Ohio Security Policy.

34. Ohio Security therefore seeks a judicial determination that Ohio Security has no obligation to indemnify Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc., or that Martyns, W. Roberts or I. Roberts have a right to recover against Ohio Security as a judgment creditor of Green Leaf in connection with the Roberts Lawsuit.

**THIRD CLAIM FOR RELIEF**
**DECLARATORY RELIEF - RECOUPMENT**
**(AS TO GREEN LEAF)**

35. Ohio Security repeats and reincorporates here the allegations in paragraphs 1 through 34 above.

36. A true and present controversy exists between Ohio Security, on the one hand, and Green Leaf on the other, in that Ohio Security

contends that upon a declaration from the Court that it never had a duty to defend Green Leaf against the Roberts Lawsuit, Ohio Security is entitled to recover from Green Leaf the attorney's fees and costs expended on Green Leaf's behalf from the date of its reservation of rights forward. Ohio Security is informed and believes that Green Leaf contends otherwise.

37. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Ohio Security Policy.

38. Upon such determination, Ohio Security is entitled to such recoupment from Green Leaf.

WHEREFORE, Ohio Security respectfully requests that the Court enter an order:

(a) Declaring that Ohio Security owes no duty to defend Greenleaf Rental Car & Leasing, Green Leaf Rent a Car & Leasing, Inc. or Greenleaf Rent a Car & Leasing, Inc. in the Roberts Lawsuit under Ohio Security Policy as coverage is excluded due to the Auto Exclusion; and

(b) Declaring that Ohio Security owes no duty to indemnify Green Leaf Rent a Car in the Roberts Lawsuit under Ohio Security Policy as coverage is excluded due to the Auto Exclusion; and

(c) Declaring that Martyns, W. Roberts and I. Roberts are bound by any judgment against Green Leaf, such that Martyns, W. Roberts or I. Roberts may not seek to enforce any judgment he / she may receive against Green Leaf against Ohio Security pursuant to Insurance Code § 11580(b) or otherwise;

(d) Declaring that Ohio Security is entitled to recover from Green Leaf the attorney's fees and costs it expends on the defense of

Green Leaf in the Roberts Lawsuit upon a declaration that Ohio Security never had a duty to defend Green Leaf; and

(e) Granting such other relief as the Court deems just and proper.

Dated: April 26, 2023

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew J. Hafey*
Matthew J. Hafey
Patricia A. Daza-Luu
Karina J. Silva
Attorneys for Plaintiff Ohio Security Insurance Company